**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **STOCKTON HEARTWOODS, LTD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:04CV1675MLM |
| ) | |
| **LAWRENCE M. BIELSKI,** ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION**

Before the court is the Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Dismiss or Transfer for Improper Venue filed by Defendant Lawrence M. Bielski. Doc. 15. Plaintiff Stockton Heartwoods, Ltd., filed a Response. Doc. 17. Defendant filed a Reply. Doc. 18. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 8.

Plaintiff alleges in its Complaint that it purchased salvaged lumber from Defendant in Georgia, that Defendant breached the contract for the purchase of the lumber by shipping non-conforming lumber, and that Defendant fraudulently misrepresented the type of lumber sold. In the Motion before the court Defendant argues that this court should dismiss Plaintiff's Complaint in accordance with Rule 12(b)(2) because Defendant lacks sufficient contacts with the State of Missouri such that assertion of personal jurisdiction over Defendant would violate due process. Defendant further argues that Plaintiff's Complaint should be dismissed in accordance with 28 U.S.C. § 1406(a) for improper venue and, alternatively, that this matter should be transferred to the United States District Court for the Northern District of Georgia, because venue in this court is improper.

In support of Defendant's argument that this court does not have personal jurisdiction over him, Defendant contends that he resides in Georgia; that he has never had a presence in Missouri; that after Plaintiff traveled to Georgia and after several telephone conversations the parties reached an oral agreement concerning Plaintiff's purchase of lumber from Defendant; that telephone conversations and mail correspondence between the parties, solicitation of a client in a forum state, and entering into a contract with a forum resident do not constitute sufficient basis for the assertion of personal jurisdiction; and that, therefore, this court does not have either specific or general personal jurisdiction over Defendant.

Defendant further argues that venue is not proper in this court because the overwhelming majority of events giving rise to Plaintiff's allegations against Defendant occurred outside Missouri, specifically in Georgia. Defendant states that should the court find that venue is improper, in the alternative to dismissing Plaintiff's Complaint, the court should transfer this matter to the Northern District of Georgia pursuant to 28 U.S.C.§ 1406.

The Supreme Court recognizes "two broad types of personal jurisdiction: specific jurisdiction and general jurisdiction." Lakin v. Prudential Secuties, Inc., 348 F.3d 704, 707 (8th Cir. 2003). The court further explained these two types of personal jurisdiction as follows:

> Specific jurisdiction refers to jurisdiction over causes of action that "arise out of" or "relate to" a defendant's activities within a state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). General jurisdiction, "on the other hand, refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." Sondergard, 985 F.2d at 1392 (citation omitted); see also Helicopteros, 466 U.S. at 414 & n. 9, 104 S.Ct. 1868.

Id.

The inquiry of whether this federal court has personal jurisdiction over a defendant involves a two-part analysis. The court must first ascertain whether Missouri's long-arm statute confers

jurisdiction. See id. at 706-707 (citing Sondergard v. Miles, Inc., 985 F.2d 1389, 1392 (8th Cir. 1993). See also Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000); Scullin Steel Co. v. Nat'l Railway Utilization Corp., 676 F.2d 309, 213 (8th Cir. 1982). If it does, then the court must next decide whether the exercise of personal jurisdiction comports with the due process clause of the Fourteenth Amendment. Lakin, 348 F.3d at 705; Scullin Steel, 676 F.2d at 312.

Missouri's long-arm statute, Rev.Mo.Stat. § 560.500.1, provides in relevant part:

Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any such acts:
    (1)    The transaction of any business within the state;

Missouri courts have liberally construed the statutory requirement of "transacting any business" within the state for purposes of long-arm jurisdiction. Scullin Steel, 676 F.2d at 312; State ex rel. Nixon v. Beer Nuts, Ltd., 29 S.W.3d 828, 834 (Mo. Ct. App. 2000) (citing State ex rel. Metal Serv. Ctr. of Georgia, Inc. v. Gaertner, 677 S.W.2d 325, 327 (Mo. 1984) (en banc)). The Eighth Circuit has addressed whether the Missouri long-arm statute comports with the due process clause and has held that:

> [W]hen the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970 (en banc).

Clune, 233 F.3d at 541.

The Due Process Clause establishes the parameters of a state's power to assert personal jurisdiction over a nonresident defendant. See id. (citing Helicopters Nacionales de Colombia, S.A., v. Hall, 466 U.S. 408, 413-14 (1984)). "Due process requires that the defendant 'have certain

3

minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Id. at 541-42 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). See also World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980). A court must carefully consider the facts of each case to assess the nature of the contacts between the defendant and the forum state. Burger King Corp. v. Rudzewicza, 471 U.S. 462, 486 (1985)).

The test for minimum contacts considers: (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties. Bell Paper, 53 F.3d at 922; U.S. Durum Milling, Inc. v. Frescala Foods, Inc., 785 F. Supp. 1369, 1372 (E.D.Mo. 1992); Mead v. Conn, 845 S.W.2d 109, 112 (Mo. Ct. App. 1993). The first three of these factors are of particular significance while the last two are of minimal importance. See Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.3d 920, 922 (8th Cir. 1995); Mead, 845 S.W.2d at 112.

"The baseline for minimum contacts is 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of the laws.'" Clune, 233 F.3d at 542 (quoting Burger King, 471 U.S. at 486). "The defendant's contact with the forum state must be such that he or she 'should reasonably anticipate being haled into court there.'" Id. (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

In addition to having minimum contacts, due process also requires an accord with the notions of "fair play and substantial justice. Bell Paper, 53 F.3d at 921(quoting Burger King, 471 U.S. at 476). To maintain personal jurisdiction, the defendant's contacts must be more than random,

fortuitous or attenuated. Id. at 922 (citing Burger King, 471 U.S. at 475). The defendant "must have purposefully availed itself of `the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its law.'" Id. at 922 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)). The test is whether the defendant purposefully established minimum contacts with Missouri so that the exercise of personal jurisdiction would comport with fair play and substantial justice. Watlow Elec. Mfg. Co. v. Patch Rubber Co, 838 F.2d 999, 1002 (8th cir. 1988) (citing Burger King, 471 U.S. at 462).

28 U.S.C. § 1391 provides, in relevant part, as follows:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in ... (2) *a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred*.

(emphasis added).

28 U.S.C. § 1406 provides, in relevant part, as follows:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

(b) Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose *timely* and sufficient *objection* to the venue.

(emphasis added).

The court first finds, in agreement with Plaintiff, that this court's assertion of jurisdiction over Defendant comports with the requirements of Missouri's long-arm statute as Defendant availed itself of the laws of Missouri when he contacted Plaintiff in an attempt to sell lumber.[1] Moreover,

---

[1] In his Response Defendant states that he obtained salvaged lumber from a source in Tennessee; that he decided to sell this lumber; that he learned of Plaintiff through an advertisement posted by Plaintiff on the internet; and that in response to Plaintiff's internet advertisement, he telephoned Plaintiff regarding a potential sale of the salvaged lumber. Doc. 17 at 2 (citing Ex. A, Bielski Aff., ¶ 5.

5

Plaintiff's Complaint in the matter under consideration was filed in December 2004; Defendant filed an Answer, submitted a Joint Scheduling Plan, participated in a Rule 16 Scheduling Conference, participated in Alternate Dispute Resolution, and did not file the instant Motion to Dismiss until December 2005, one year after the Complaint was filed. Under such circumstances, assertion of jurisdiction over Defendant comports with due process. Additionally, as jurisdiction is founded only on diversity of citizenship of the parties and as a substantial part of the events which gave rise to Plaintiff's claims against Defendant occurred in the Eastern District of Missouri, the court finds that venue in the Eastern District of Missouri is proper. 28 U.S.C. § 1391(a)(2).

Moreover, claims that venue and jurisdiction are improper may be waived by failing to "seasonably" make these assertions. Hoffman v. Blaski, 363 U.S. 334, 343 (1960). The Supreme Court has specifically held that "objection to venue 'may be lost by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct.'" Schnell v. Peter Eckrich & Sons, Inc., 365 U.S. 260, 262 (1961) (quoting Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168 (1939)). "The conduct which will amount to a waiver of venue is that of the defendant alone." Id. at 264. Moreover, in regard to personal jurisdiction, an individual may submit to the jurisdiction of the court by appearance. Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982). By appearing before this court as described above, the court finds that Defendant has waived its arguments of improper venue and lack of personal jurisdiction. 28 U.S.C. § 1406(b); Schnell, 365 U.S. at 262; Hoffman, 363 U.S. at 343. The will, therefore, deny Defendant's Defendant's Motion to Dismiss for Lack of Personal Jurisdiction , or in the Alternative, Motion to Dismiss or Transfer for Improper Venue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, Motion to Dismiss or Transfer for Improper Venue is **DENIED**.[Doc. 15].

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of December, 2005.