UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STOCKTON HEARTWOODS, LTD, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:04CV1675MLM |
| LAWRENCE M. BIELSKI, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Lawrence M. Bielski ("Defendant" or "Bielski"). Doc.23. Plaintiff Stockton Heartwoods, Ltd., ("Plaintiff" or "Stockton") filed a Response.[1] Doc. 25. Defendant filed a Reply. Doc. 26. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 8.

### BACKGROUND

In Count I of his Complaint Plaintiff alleges a breach of contract on the part of Defendant. In support of this allegation Plaintiff alleges that Plaintiff and Defendant entered into a contract whereby Plaintiff was to purchase reclaimed lumber from Defendant; that Defendant breached the contract for the purchase of the lumber by shipping non-conforming and unacceptable lumber; and that as a result Plaintiff was damaged in the approximate sum of $280,000, which damages consist

---

[1] Neither Plaintiff's Complaint nor those portions of Lawrence Stockton's deposition submitted to the court pursuant to the Motion to Dismiss state Lawrence Stockton's position with Plaintiff. As the parties reference Lawrence Stockton and Defendant interchangeably the court will likewise do so.

of Plaintiff's outstanding liability to the Woodshop of Texas (the "Woodshop"), to whom Plaintiff sold the timber. In Count II, Plaintiff alleges fraud. In support of the allegation of Count II, Plaintiff alleges that Defendant knowingly made false representations regarding the lumber which he sold to Plaintiff; that he made the representations with the intent that Plaintiff would rely on the them; that Plaintiff relied on Defendant's representations when he purchased the timber; that Plaintiff sold the timber to the Woodshop; that as a proximate result of Defendant's fraudulent representations Plaintiff has been damaged in the approximate sum of $280,000; and that Defendant's conduct was wilful and malicious warranting the imposition of punitive damages.

In his Motion to Dismiss Defendant contends that Plaintiff fails to meet the amount in controversy requirement of 28 U.S.C. § 1332(a),[2] which is an amount in excess of $75,000. In his deposition, Lawrence Stockton testified that prior to his purchasing the lumber at issue he reached an agreement with the Woodshop whereby the Woodshop agreed to buy the lumber which Plaintiff was to purchase from Defendant; that Plaintiff paid Defendant $36,795 for the lumber; and that

---

[2] 28 U.S.C. § 1332 provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Plaintiff resold the lumber to the Woodshop for $52,177.[3] Pl. Dep. at 12, 131, 136. Plaintiff also testified in his deposition that Mr. Hurd of the Woodshop told Plaintiff that he was going to directly sell one load of the lumber to a customer and that Mr. Hurd subsequently told Plaintiff that his customer had rejected the shipment of lumber. Pl. Dep. at 13.

Plaintiff testified that his damages result from the transaction whereby he purchased lumber from Defendant; that these damages include $20,000 he incurred trying to recoup Mr. Hurd's funds; and that he incurred these expenses in the course of traveling to Texas and by expending his time.[4] Pl. Dep. at 31. Plaintiff further testified that as a result of Mr. Hurd's dissatisfaction he defrayed commissions on three loads of lumber which commissions he estimates at about $10,000 and that he does not have documents which reflect the commissions which he defrayed. Pl. Dep. at 31-32. Plaintiff also testified that Mr. Hurd sent him a letter stating that he was contemplating suing Plaintiff for about $225,000 for his initial cost, freight expenses, and lost sales; that at the time of the deposition Plaintiff was doing business with Mr. Hurd; that Mr. Hurd has not filed suit against Plaintiff; and that Plaintiff has not paid back any money to Mr. Hurd as a result of the transaction with Defendant. Pl. Dep. at 35-36.

**LEGAL STANDARD FOR A MOTION TO DISMISS**

A court may dismiss a cause of action for failure to state a claim if it appears beyond a doubt

---

[3] It is proper for a court to consider deposition testimony upon calculating the amount in controversy which is the issue before the court. McCorkindale v. American Home Assurance Co., 909 F. Supp. 646, 654-55 (E.D. Mo. 1995) (citing Larkin v. Brown, 41 F.3d 387, 389 (8th Cir.1994); Zunamon v. Brown, 418 F.2d 883, 887 (8th Cir.1969)).

[4] Plaintiff testified that his damages included travel, time, and attorney's fees but his attorney interrupted and stated that Plaintiff's calculation of damages does not include attorney's fees. Pl. Dep. at 31.

that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [its]claim." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). See also Bennett v. Berg, 685 F.2d 1053, 1058 (8th Cir. 1982) (a complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations). The court must review the complaint most favorably to the plaintiff and take all well-pleaded allegations as true to determine whether the plaintiff is entitled to relief. Conley, 355 U.S. at 45-46. A dismissal under Rule 12(b)(6) should be granted only in the unusual case in which a plaintiff has presented allegations that show on the face of the complaint that there is some insuperable bar to relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994).

## DISCUSSION

Plaintiff invokes the jurisdiction of the federal courts pursuant to 28 U.S.C. § 1332. Defendant contends that Plaintiff does not meet the amount in controversy requirement of 28 U.S.C. § 1332(a). To meet this requirement a plaintiff must allege that its damages exceed $75,000. In Count I of its Complaint Plaintiff alleges breach of contract and seeks $280,000 in damages and in Count II Plaintiff alleges fraud and seeks $280,000 plus punitive damages. A plaintiff's allegations of the requisite jurisdictional amount are not necessarily dispositive of the issue." Missouri ex rel Pemiscot County v. Western Sur. Co., 51 F.3d 170, 172 (8th Cir. 1995). In regard to sufficiently pleading the amount in controversy requirement of 28 U.S.C. § 1332(a), the Eighth Circuit has held as follows:

> Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." St. Paul

4

> Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938); J.E. Allison v. Security Benefit Life Ins. Co., 980 F.2d 1213, 1215 (8th Cir.1992). Although punitive damages are included in the amount of controversy, Allison, 980 F.2d at 1215, the "existence of the required amount must be supported by competent proof." Esler v. Northrop Corp., 86 F.R.D. 20, 28 (W.D.Mo.1979). Indeed, when determining the amount in controversy, "a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages." Zahn v. International Paper Co., 469 F.2d 1033, 1034 n. 1 (2d Cir.1972), aff'd, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

Larkin v. Brown, 41 F.3d 387, 388-389 (8th Cir.1994).[5]

Thus, a complaint will be dismissed where it appears to "legal certainty" that the claim is really less than $75,000. Id. Additionally, "when a federal complaint alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." Pemiscot County, 51 F.3d at 172 (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). In regard to Plaintiff's claim for actual damages based on an alleged breach of contract, Missouri requires that damages for a breach of contract "be confined to those naturally and proximately resulting from the breach, and be not

---

[5] Plaintiff cites St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938), for the proposition that the court should accept his calculation of the amount in controversy. This case, however, is consistent with Larkin, 41 F.3d at 388-89, as quoted above, as it holds that a plaintiff's calculation controls only if it is made in "good faith" and that, nonetheless, Plaintiff's calculation must sustain the standard of "legal certainty." St. Paul, 303 U.S. at 288-89 ("The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal."). The court in St. Paul, 303 U.S. at 289, further held that, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore [not] colorable for the purpose of conferring jurisdiction, the suit will be dismissed."

uncertain or speculative, nor outside the contemplation of the parties." Lamb v. Amalgamated Labor Life Ins. Co., 602 F.2d 155, 159 (8th Cir. 1979) (citation omitted). "[I]t is a quite settled rule that in the determination of the amount in controversy only the matter which is directly in dispute is to be considered, and any contingent loss which may be suffered by either of the parties through the probative effect of an adverse judgment is not to be included." Rubel-Jones Agency, Inc. v. Jones, 165 F.Supp. 652, 655 (W.D. Mo. 1958) (citations omitted). Speculative amounts and contingent losses are not properly included in the calculation of the amount in controversy. Wabash Ry. Co. v. Vanlandingham, 53 F.2d 51, 52 (8th Cir. 1931).

In the matter under consideration, Plaintiff includes in the calculation of his actual damages $20,000 he allegedly spent on travel and time and $10,000 in lost commissions. As stated above, Plaintiff testified that he does not have receipts to verify lost commissions. The court, however, will assume, arguendo, for purposes of the Motion to Dismiss that Plaintiff can prove damages of $30,000 with legal certainty. Plaintiff also includes in his calculation of damages $225,000 which amount is based on a statement by Mr. Hurd that he was going to sue Plaintiff. Also, in his Response to the Motion to Dismiss Plaintiff contends that the amount in controversy should include the $37,000 which Plaintiff paid Defendant for the lumber. Mr. Hurd, however, has never sued Plaintiff to recover the amount which he paid Plaintiff for the timber and continues to do business with Plaintiff. Based on Plaintiff's deposition testimony quoted above, Plaintiff's inclusion in his calculation of damages of the $225,000 or the $37,000 he paid Defendant for the timber is unequivocally contingent and speculative. As such, neither $225,000 nor the lesser amount of $37,000 may be included in calculating the amount in controversy. Lamb, 602 F.2d at 159; Wabash Ry. Co., 53 F.2d at 52.

In Count II Plaintiff seeks punitive damages in addition to the $280,000 which he seeks in

actual damages. Indeed, punitive damages may be included in calculating the amount in controversy. Larkin, 41 F.3d at 388 -389; Lamb, 602 F.2d at 159. As held in Larkin, 41 F.3d at 388 -89, a legal standard of "competent proof" applies to Plaintiff's claim for punitive damages pursuant to the court's determining whether the jurisdictional amount is met. Competent proof requires that the court examine Missouri law applicable to the circumstances under which Plaintiff would be entitled to punitive damages. Id. at 389 (holding that when considering whether punitive damages are sufficient to provide the requisite amount in controversy depends, a court must first consider whether punitive damages are available as a matter of state law). Pursuant to Missouri law punitive damages "are permissible where an intentional fraud is committed and the offensive act is 'outrageous because of the defendant's evil motive or reckless indifference to the rights of others.'" Burnett v. Thrifty Imports, Inc., 773 S.W.2d 508, 511 (quoting Burnett v. Griffith, 769 S.W.2d 780, 789 (Mo. 1989) (en banc); Restatement (Second) of Torts § 908(2) (1979)). Additionally, under Missouri law:

> [P]unitive damages require a showing of a culpable mental state on the part of the defendant, either by a wanton, willful or outrageous act or reckless disregard (from which evil motive is inferred) for an act's consequences.... It is not so much the commission of the intentional tort as the conduct or motives--the defendant's state of mind--which prompted its commission that form the basis for a punitive damage award. Plaintiff must prove that defendant's evil hand was guided by an evil mind. Burnett v. Griffith, 769 S.W.2d 780, 787 (Mo.1989) (en banc) (footnote and citation omitted).

Larkin, 41 F.3d at 389. See also Lamb, 602 F.2d at 159 ("In order to state a claim for punitive damages, the plaintiff must allege 'facts indicating that the defendant maliciously, wilfully, intentionally or recklessly injured the plaintiff by his tortious act.'") (quoting Dyer v. General American Life Ins. Co., 541 S.W.2d 702, 706 (Mo. Ct. App.1976)).

Plaintiff argues that he has pled fraud on the part of Defendant and has pled facts necessary

7

for establishing the right to punitive damages under Missouri law. In an effort to suggest a culpable mental state on the part of Defendant, Plaintiff suggests in his Response to the Motion to Dismiss that Defendant admitted in his deposition that at the time he sold the timber to Plaintiff he was under considerable financial stress, including a pending foreclosure of his home, and that Defendant used the funds from the sale to Plaintiff to bring his mortgage loan current. Pl. Ex. 1, Def. Dep. at 33, 123-24. Plaintiff argues that based on these facts a jury could find that Defendant had the requisite mental state necessary to support a claim for punitive damages. Under such circumstances, Plaintiff argues that as a matter of legal certainty at this point it cannot be said that he will not be entitled to punitive damages. Punitive damage claims, however, as stated above, are subject to closer scrutiny than claims for actual damage claims. The fact that Defendant was undergoing financial difficulty at the time he sold the timber to Plaintiff does not establish that he had the requisite intent and malice for punitive damages. See Larkin, 41 F.3d at 389; Lamb, 602 F.2d at 159; Burnett, 773 S.W.2d at 511. The court finds, therefore, that Plaintiff has not established by competent proof that he is entitled to punitive damages. Lamb, 602 F.2d at 159.

Additionally, an award of punitive damages is grossly excessive and in violation of the due process clause if it is "grossly out of proportion to the severity of the offense." BMW of North America, Inc. v Gore, 517 U.S. 559, 575 (1986) (citations omitted). See also Watkins v. Lundell, 169 F.3d 540, 545 (8th Cir.1999) (holding that punitive damage awards must comply with constitutional requirement of due process and that "punitive damages should be roughly proportionate to the enormity or gravity of the offense"). In order to determine whether punitive damages are grossly excessive in violation of the Constitution, the following factors are to be considered: "(1) the degree of reprehensibility of the parties' actions; (2) the ratio between the actual harm inflicted and

8

the punitive damages; and (3) the difference between the punitive damages and the civil penalties authorized or imposed in comparable cases." Id. (citing BMW, 517 U.S. at 575). Because Mr. Hurd has not sued Plaintiff and because Plaintiff *voluntarily* forfeited approximately $10,000 in commissions, assuming, arguendo, that Plaintiff could claim punitive damages and further assuming that Plaintiff spent $20,000 as a result of Defendant's conduct, any constitutionally valid calculation of punitive damages would fall short of a sum which would allow Plaintiff to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(a).

## CONCLUSION

For the reasons more fully set forth above, the court finds that Plaintiff fails to meet the amount in controversy requirement of 28 U.S.C. § 1332(a) and that, therefore, his Complaint should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant Lawrence M. Bielski should be **GRANTED**; [Doc. 23]

**IT IS HEREBY ORDERED** that a separate Order of Dismissal shall issue incorporating this Memorandum Opinion.

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
Dated this 8th day of March, 2006.                    UNITED STATES MAGISTRATE JUDGE